IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL CHRISTENSEN,

       Plaintiff,

v.                                 No. 1:15-cv-00134-KG-LF

FINANCIAL CREDIT SERVICE, INC.
d/b/a ARA, INC.
d/b/a ASSET RECOVERY ASSOCIATES,

       Defendant.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

       Plaintiff, through counsel, hereby submits his proposed jury instructions and verdict form.

Respectfully submitted,

FEFERMAN & WARREN, Attorneys for Plaintiff

*/s/ Nicholas H. Mattison*
Nicholas H. Mattison
300 Central Ave SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)

**INSTRUCTION NO. ___**
**(Preliminary instructions before trial)**

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

The first step in the trial will be the opening statements. The opening statement will tell you about the evidence which the party intends to put before you. The opening statement is not evidence. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, and documents and other things received into the record as exhibits.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence, there will be time for final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness. If I do, that does not

indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

　　　During the course of the trial, you should not talk with any witness, or with the parties, or with any of the lawyers at all.  In addition, during the course of the trial you should not talk about the trial with anyone else.  Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received.  Do not use the internet or any other form of electronic communication to provide any information.  Simply put, do not communicate with anyone about the trial until your verdict is received.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own.  Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

**Citation: Tenth Circuit Form Criminal Instruction 1.01 (modified)**

**INSTRUCTION NO. ___**
**(Statement of theories of recovery)**

In this case, the Plaintiff, Paul Christensen, seeks compensation from the Defendant,

Financial Credit Service, Inc., which also uses the names "ARA Inc." and "Asset Recovery

Associates." Mr. Christensen seeks damages that he says were caused by:

- The Defendant's violation of the Fair Debt Collection Practices Act;

- The Defendant's violation of the Unfair Practices Act;

- The Defendant's tortious debt collection; and

- The Defendant's fraud.

**Citation: U.J.I. 13-302A N.M.R.A. (modified)**

**INSTRUCTION NO. \_\_\_**
**(Preliminary instructions before trial: Default judgment)**

This trial is unusual.

In this case, the Court has **already entered** "default judgment" against the Defendant. "Default judgment" means that the Defendant was notified about this case, but failed to appear to defend itself. For this reason, the Court has already ruled that the facts alleged by Mr. Christensen are true, and that the Defendant violated the law.

Specifically, the Court has **already ruled** that the following facts are true:

- The Defendant is a foreign corporation whose business is the collection of consumer debts.

- The Defendant is not registered to do business in New Mexico, and it does not have a license to operate as a debt collector.

- On or about May 8, 2014, a man acting on behalf of the Defendant called Mr. Christensen at his home telephone number.

- The man asked for Mr. Christensen and provided Mr. Christensen's Social Security number and one of his prior addresses.

- When Mr. Christensen confirmed his identity, the man placed him on hold.

- A second man acting on behalf of the Defendant came on the line and became much more aggressive with Mr. Christensen.

- The second man stated that Mr. Christensen needed to pay for a debt that he owed to Citibank.

- The second man told Mr. Christensen that if he did not immediately pay $2,875.75, he would be sued for more than $7,000.00.

- The second man told Mr. Christensen that if he did not immediately pay, he would have "people banging on his door."

- The second man stated that the Defendant would obtain a judgment against Mr. Christensen if he did not immediately pay.

- The second man demanded Mr. Christensen's credit card number.

- Mr. Christensen told the second man that he only had a debit card.

- The second man took Mr. Christensen's debit card number and withdrew $2,875.75 from his bank account.

- The threats that the Defendant used to take Mr. Christensen's money were false.

- The debt that the Defendant claimed to be collecting was either completely bogus or was decades past the statute of limitations.  In other words, the Defendant had no legal right to collect the debt.  The Defendant knew or should have known this.

- The amount that the Defendant claimed that Mr. Christensen owed was false.

- The Defendant had no intention of filing suit or obtaining a judgment against Mr. Christensen.

- The Defendant has been sued many times for similar violations of the law, and has been the subject of actions by multiple states' Attorneys General and other agencies seeking to prevent the Defendant from engaging in unlawful debt collection activities.

- The Defendant's misconduct was willful, malicious, knowing and in conscious or reckless disregard of the rights of Mr. Christensen.

  You should assume that these facts are true.

  In addition to ruling that these facts are true, the Court has **already ruled** that the

Defendant violated the following laws:

- The Defendant violated the Fair Debt Collection Practices Act by engaging in harassment or abuse of Mr. Christensen, by making false or misleading statements to Mr. Christensen, and by using unfair or unconscionable means to collect a debt.

- The Defendant violated the Unfair Practices Act by making false statements to deceive Mr. Christensen into paying money to the Defendant.

- The Defendant committed tortious debt collection by engaging in unreasonable and tortious debt collection practices that invaded Mr. Christensen's privacy.

- The Defendant committed fraud by making false statements to deceive Mr. Christensen into paying money to the Defendant.

  You should assume that the Defendant violated these laws.

**Citation: Fed.R.Civ.P. 55; _United States v. Craighead_, 176 F. App'x 922 (10th Cir. 2006) (describing the effect of default judgment); Doc. 1 and 18**

**INSTRUCTION NO. ____**
**(Preliminary instructions before trial: Default judgment: Role of jury)**

Because the Court already entered default judgment against the Defendant, your

responsibility in this trial is to determine the amount of damages that the Defendant should pay

to Mr. Christensen.

**Citation: Fed.R.Civ.P. 55; Doc. 18**

**INSTRUCTION NO. ___**
**(Introduction to final instructions)**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**Citation: Tenth Circuit Form Criminal Instruction 1.03 (modified)**

**INSTRUCTION NO. ____**
**(Fair Debt Collection Practices Act)**

The Court has **already entered default judgment** ruling that the Defendant violated the Fair Debt Collection Practices Act.

Mr. Christensen's claim under the Fair Debt Collection Practices Act involved the following conduct:

First, the Defendant engaged in conduct the natural consequence of which was to harass, oppress or abuse any person in connection with an attempt to collect a debt.

Second, the Defendant used false representations or deceptive means in an attempt to collect a debt; and

Third, the Defendant used unfair or unconscionable means in an attempt to collect a debt.

**Citation: UJI 13-302B NMRA (modified); Fed.R.Civ.P. 55; 15 U.S.C. §§ 1692d, 1692e, and 1692f; Doc. 1 and 18**

**INSTRUCTION NO. ___**
**(Fair Debt Collection Practices Act: Obligation to pay debt)**

Whether or not Mr. Christensen ever owed the debt that Defendant attempted to collect is irrelevant to his claim under the Fair Debt Collection Practices Act.

**Citation:** *Baker v. G.C. Services Corp.*, **677 F.2d 775, 777 (9th Cir. 1982)**

**INSTRUCTION NO. ___**
**(Unfair Practices Act)**

The Court has **already entered default judgment** ruling that Defendant willfully violated the Unfair Practices Act.

Mr. Christensen's claim under the Unfair Practices Act for unfair or deceptive trade practices involved the following elements:

First, that the Defendant made an oral or written statement, visual description or other representation to Mr. Christensen, OR the Defendant failed to disclose ("omitted") a material fact;

Second, that the statement, visual description or representation was false or misleading;

Third, that the statement, visual description or representation was knowingly made; AND

Fourth, that the statement, visual description or representation may, tended to or did deceive or mislead any person.

Mr. Christensen's Unfair Practice Act claim is based on the following misrepresentations of the Defendant: stating that Mr. Christensen owed the debt, that the Defendant was entitled to collect the debt, that the amount of the debt would increase if Mr. Christensen did not pay, that the Defendant intended to bring court action against Mr. Christensen, and that people would be "pounding on the door" if Mr. Christensen did not pay.

**Citation: UJI 13-302B NMRA (modified); Fed.R.Civ.P. 55; NMSA 1978 § 57-12-2;**
***Stevenson v. Louis Dreyfus Corp.*, 112 N.M. 97, 100 (1991) (setting forth the elements of a UPA claim); Doc. 1 and 18**

**INSTRUCTION NO. \_\_\_\_**
**(Tortious debt collection)**

The Court has <u>**already entered default judgment**</u> ruling that the Defendant committed tortious debt collection.

Mr. Christensen's claim for tortious debt collection involved the following conduct:

The Defendant knowingly and intentionally pursued Mr. Christensen to force payment of a debt;

The conduct of the Defendant was improper;

The Defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion of Mr. Christensen;

The intrusion would be offensive to persons of ordinary sensibilities; and

The intrusion caused damages to Mr. Christensen.

**Citation: UJI 13-302B NMRA (modified); Fed.R.Civ.P. 55; *Montgomery Ward v. Larragoite*, 81 N.M. 383, 385; Bitsie v. Walston, 65 N.M. 655; Doc. 1 and 18**

**INSTRUCTION NO. ____**
**(Fraud)**

The Court has **already entered default judgment** ruling that the Defendant committed fraud.

Mr. Christensen's claim for fraud involved the following conduct:

First, Defendant made representations of fact that were not true.

Second, either the falsity of the representation was known to the Defendant, or the representation was recklessly made.

Third, the representation was made with the intent to deceive and to induce Mr. Christensen to rely on the representation.

Fourth, Mr. Christensen did in fact rely on the representation.

Mr. Christensen's fraud claim is based on the following misrepresentations of the Defendant: stating that Mr. Christensen owed the debt, that the Defendant was entitled to collect the debt, that the amount of the debt would increase if Mr. Christensen did not pay, that the Defendant intended to bring court action against Mr. Christensen, and that people would be "pounding on the door" if Mr. Christensen did not pay.

**Citation: UJI 13-1633 NMRA (modified); Fed.R.Civ.P. 55; Doc. 1 and 18**

**INSTRUCTION NO. ____**
**(Default judgment: Role of jury)**

Because the Court already entered default judgment against the Defendant, your only

responsibility is to determine the amount of damages that the Defendant should pay to Mr.

Christensen.

**Citation: Fed.R.Civ.P. 55; Doc. 18**

**INSTRUCTION NO. ____**
**(Burden of proof)**

For all of his claims other than fraud, Mr. Christensen has the burden of proving damages by the greater weight of the evidence.

To prove by the greater weight of the evidence means to establish that something is more likely true than not true.

On fraud, however, a higher degree of proof is required. Plaintiff has the burden of proving damages for fraud by clear and convincing evidence.

**Citation: U.J.I. 13-304 N.M.R.A. (modified)**

**INSTRUCTION NO. ___**
**(Causation)**

An act is a "cause" of harm if it contributes to bringing about the harm.  It need not be the only explanation for the harm, nor the reason that is nearest in time or place.  It is sufficient if it occurs in combination with some other cause to produce the result.  To be a "cause", the act, nonetheless, must be reasonably connected as a significant link to the harm.

**Citation: U.J.I. 13-305 N.M.R.A.**

**INSTRUCTION NO. ____**
**(Actual damages)**

You must fix the amount of money which will reasonably and fairly compensate Mr.

Christensen for any of the following elements of damages proved by Mr. Christensen to have

resulted from the Defendant's wrongful conduct:

- Loss of money;

- Other out-of-pocket expenses;

- Pain and suffering; and

- Personal humiliation, embarrassment, mental anguish, emotional distress, aggravation, or
  frustration.

Whether any of these elements of damages have been proved by the evidence is for you to

determine.

There is no fixed standard for deciding the amount of damages for pain and suffering, or

for personal humiliation, embarrassment, mental anguish, emotional distress, aggravation, or

frustration. You must use your judgment to decide a reasonable amount to compensate Mr.

Christensen for these things.

Your verdict must be based upon proof and not upon speculation, guess or conjecture.

Further, sympathy or prejudice for or against a party should not affect your verdict and is not a

proper basis for determining damages.

**Citation: U.J.I. 13-1802, 13-1807 N.M.R.A. (modified);** *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, **637 F.3d 939, 957-58 (9th Cir. 2011) (describing permissible damages under the FDCPA);** *Jones v. Gen. Motors Corp.*, **124 N.M. 606, 611 (holding that actual damages are available to a party who demonstrates a loss of money or property as a result of a UPA violation)**

**INSTRUCTION NO. ___**
**(Statutory damages)**

In addition to actual damages, and regardless of whether actual damages are awarded, the jury may award statutory damages for violation of the Fair Debt Collection Practices Act in an amount up to $1,000.00.  In determining the amount of statutory damages to be awarded, you should consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

**Citation: 15 U.S.C. § 1692k(b)(1)**

**INSTRUCTION NO. ____**
**(Punitive damages)**

In this case, Mr. Christensen seeks to recover punitive damages from the Defendant for its tortious debt collection and fraud. You may consider punitive damages only if you find that Mr. Christensen should recover actual damages.

Punitive damages are appropriate if the conduct of the Defendant was malicious, willful, reckless, wanton, fraudulent or in bad faith. The Court **already ruled** that Defendant's conduct was malicious, willful, reckless, wanton, fraudulent, or in bad faith, but did not determine the appropriate amount of an award of punitive damages.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses. The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature and enormity of the wrong and such aggravating and mitigating circumstances as may be shown. The property or wealth of the defendant is a legitimate factor for your consideration. The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

**Citation: U.J.I. 13-1827 N.M.R.A. (modified)**

**INSTRUCTION NO. \_\_\_**
**(Deliberations of jury)**

Upon retiring to the jury room, and before commencing your deliberations, you will select one of your members as foreperson.

You will be given the Court's instructions and a verdict form.

The law of this case is contained in these instructions and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction, or parts thereof, and disregarding others. You are to apply the law, as stated in these instructions, to the facts as you find them and, in this way, decide the case. Neither sympathy nor prejudice should influence your verdict.

The jury acts as a body. Therefore, on every question on the verdict form which the jury must answer it is necessary that all jurors participate regardless of the vote on another question. Before a question can be answered, at least four of you must agree upon the answer. However, the same four need not agree upon each answer.

When you have completed the verdict form, your foreperson must sign the form, and you will all then return to open court.

**Citation: Fed.R.Civ.P. 48; U.J.I. 13-2002, 13-2005, 13-2006, 13-2009 N.M.R.A. (modified)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL CHRISTENSEN,

       Plaintiff,

v.                                    No. 1:15-cv-00134-KG-LF

FINANCIAL CREDIT SERVICE, INC.
d/b/a ARA, INC.
d/b/a ASSET RECOVERY ASSOCIATES,

       Defendant.

## VERDICT FORM

We award the following amount of actual damages:     _____

We award the following amount of statutory damages:   _____

We award the following amount of punitive damages:   _____

Signature of Foreperson: _____

Date: _____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served a copy of Plaintiff's Proposed Jury Instructions and Verdict Form, along with a copy of this Certificate of Service via first class mail, postage prepaid, to Financial Credit Service, Inc. d/b/a ARA, Inc., d/b/a Asset Recovery Associates, c/o Mario Bianchi, 1919 S. Highland Ave St. 225A, Lombard, IL 60148, on April 7, 2016.

*/s/ Nicholas H. Mattison*
Nicholas H. Mattison