IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL CHRISTENSEN,

    Plaintiff,

v.                                                          No. 1:15-cv-00134-KG-LF

FINANCIAL CREDIT SERVICE, INC.
d/b/a ARA, INC.
d/b/a ASSET RECOVERY ASSOCIATES,

    Defendant.

## PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

    Plaintiff, through counsel, hereby submits his supplemental proposed jury instructions, pursuant to the Court's request.

Respectfully submitted,

FEFERMAN & WARREN, Attorneys for Plaintiff

*/s/ Nicholas H. Mattision*
Nicholas H. Mattision
300 Central Ave SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)

# INSTRUCTION NO. ___
## (Preliminary instructions before trial: default judgment)

This trial is unusual. In this case, the Plaintiff, Paul Christensen, filed a lawsuit against the Defendant, Financial Credit Services, Inc., which also uses the name "ARA Inc." and "Asset Recovery Associates." Mr. Christensen's lawsuit claims that the Defendant's debt collection activities violated different state and federal laws. Mr. Christensen served his lawsuit on the Defendant. The Defendant chose not to submit a response or appear in this case. The Defendant will not be here in Court today. Because the Defendant chose not to participate in this case, the Court **already entered** "default judgment" against the Defendant. This means that the Court already ruled that the Defendant committed the acts alleged by Paul Christensen, and the Court already ruled that the Defendant violated the law.

Specifically, the Court has **already ruled** that the following facts are true:

- The Defendant is a foreign corporation whose business is the collection of consumer debts.

- The Defendant is not registered to do business in New Mexico, and it does not have a license to operate as a debt collector.

- On or about May 8, 2014, a man acting on behalf of the Defendant called Mr. Christensen at his home telephone number.

- The man asked for Mr. Christensen and provided Mr. Christensen's Social Security number and one of his prior addresses.

- When Mr. Christensen confirmed his identity, the man placed him on hold.

- A second man acting on behalf of the Defendant came on the line and became much more aggressive with Mr. Christensen.

- The second man stated that Mr. Christensen needed to pay for a debt that he owed to Citibank.
- The second man told Mr. Christensen that if he did not immediately pay $2,875.75, he would be sued for more than $7,000.00.
- The second man told Mr. Christensen that if he did not immediately pay, he would have "people banging on his door."
- The second man stated that the Defendant would obtain a judgment against Mr. Christensen if he did not immediately pay.
- The second man demanded Mr. Christensen's credit card number.
- Mr. Christensen told the second man that he only had a debit card.
- The second man took Mr. Christensen's debit card number and withdrew $2,875.75 from his bank account.
- The threats that the Defendant used to take Mr. Christensen's money were false.
- The debt that the Defendant claimed to be collecting was either completely bogus or was decades past the statute of limitations. In other words, the Defendant had no legal right to collect the debt. The Defendant knew or should have known this.
- The amount that the Defendant claimed that Mr. Christensen owed was false.
- The Defendant had no intention of filing suit or obtaining a judgment against Mr. Christensen.
- The Defendant has been sued many times for similar violations of the law, and has been the subject of actions by multiple states' Attorneys General and other agencies seeking to prevent the Defendant from engaging in unlawful debt collection activities.

- The Defendant's misconduct was willful, malicious, knowing and in conscious or reckless disregard of the rights of Mr. Christensen.

You should assume that these facts are true.

In addition to ruling that these facts are true, the Court has **<u>already ruled</u>** that the Defendant violated the following laws:

- The Defendant violated the Fair Debt Collection Practices Act by engaging in harassment or abuse of Mr. Christensen, by making false or misleading statements to Mr. Christensen, and by using unfair or unconscionable means to collect a debt.

- The Defendant violated the Unfair Practices Act by making false statements to deceive Mr. Christensen into paying money to the Defendant.

- The Defendant committed tortious debt collection by engaging in unreasonable and tortious debt collection practices that invaded Mr. Christensen's privacy.

- The Defendant committed fraud by making false statements to deceive Mr. Christensen into paying money to the Defendant.

You should assume that the Defendant violated these laws.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I served a copy of Plaintiff's Proposed Jury Instructions and Verdict Form, along with a copy of this Certificate of Service via first class mail, postage prepaid, to Financial Credit Service, Inc. d/b/a ARA, Inc., d/b/a Asset Recovery Associates, c/o Mario Bianchi, 1919 S. Highland Ave St. 225A, Lombard, IL 60148, on April 20, 2016.

*/s/ Nicholas H. Mattison*
Nicholas H. Mattison