IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL CHRISTENSEN,

      Plaintiff,

v.

                                                    1:15-cv-00134-KG-LF

FINANCIAL CREDIT SERVICE, INC.
d/b/a ARA, INC.
d/b/a ASSET RECOVERY ASSOCIATES,

      Defendant.

## PARTIAL REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the jury's verdict following a jury trial on the issue of damages and on plaintiff Paul Christensen's Request for Entry of Judgment (Doc. 40). District Judge Kenneth J. Gonzales referred this matter to me to conduct a jury trial on the question of damages. Doc. 19. The jury returned a verdict in favor of Mr. Christensen for $200,000.00 in actual damages, $1,000.00 in statutory damages, and $10 million in punitive damages. Doc. 38.

A trial court must defer to the fact-finding function of the jury which encompasses the amount of compensatory damages. *Lompe v. Sunridge Partners, LLC*, — F.3d —, 2016 WL 1274898, *15 (10th Cir. Apr. 1, 2016). This is because "a jury's damages award is highly specific to the facts and circumstances of the case." *Slevin v. Bd. of Comm'rs for Cty. of Doña Ana*, 934 F. Supp. 2d 1270, 1275 (D.N.M. 2012) (internal quotations and citations omitted). "[W]here the jury has been asked to place a monetary value on Plaintiff's experience of non-economic harm"—as in this case—"that deference to the jury's determination is most appropriate." *Id at* 1274. The Fair Debt Collections Practices Act provides for an additional

amount of damages of $1,000 against a debt collector who fails to comply with its provisions.   15 U.S.C. § 1692k(a)(2)(A).

Here, the jury awarded plaintiff $200,000 for actual damages, including damages for loss of money; out-of-pocket expenses, pain and suffering, and personal humiliation, embarrassment, mental anguish, emotional distress, aggravation, or frustration.   Doc. 36-2 at 5.   The jury's award of actual and statutory damages was supported by the evidence at trial.   Plaintiff established that defendant withdrew $2,875.75—80% of plaintiff's net worth—from his bank account for a debt he did not actually owe.   Plaintiff had been saving this money at the rate of about $75 to $100 per month to pay for dental work to repair his damaged lower teeth.   The loss of this money caused plaintiff pain and suffering for an additional two years because he was unable to pay for the required dental work.   During this two-year period, the condition of his teeth worsened, which resulted in an increase in the cost of the dental work.   Also during this two-year period, plaintiff had to extract his own tooth with a pair of tweezers, as he could not afford to have a dentist perform the extraction.   Plaintiff was unable to eat anything but soft foods during this period; he could not eat any meat or fresh vegetables.   Plaintiff also established that defendant's action caused him humiliation, embarrassment, mental anguish, emotional distress, aggravation, and frustration, not only because of the deterioration of his teeth, but also because he worried about his financial condition and was embarrassed that he had succumbed to defendant's tactics.

Accordingly, I recommend that the Court adopt the jury's award for compensatory and statutory damages and enter judgment for plaintiff and against defendant in the total amount of $201,000:   $200,000 for actual damages, and $1,000 for statutory damages under the Fair Debt Collection Practices Act.   Plaintiff should be permitted to seek attorney fees and costs following

the entry of the judgment, pursuant to court rules and applicable law. I further recommend that post-judgment interest accrue on all amounts awarded as provided under 28 U.S.C. § 1961. I am not recommending that the Court enter an award of punitive damages at this time. In conjunction with the filing of this partial report and recommendation, I am directing the parties to file briefs that address the question of whether the jury's punitive damages award of $10 million against defendant Financial Credit Service, Inc. is unconstitutionally excessive.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge