IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL CHRISTENSEN,

    Plaintiff,

vs.                                                                                    Civ. No. 15-134 KG/LF

FINANCIAL CREDIT SERVICE, INC.,
d/b/a ARA, INC.
d/b/a ASSET RECOVERY ASSOCIATES,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Magistrate Judge's Partial Report and Recommendation, filed on April 29, 2016, and Defendant's Objections to Partial Report and Recommendation (Dkt. #42) (Objections), filed on May 23, 2016.  (Docs. 42 and 56).  Plaintiff filed a response to the Objections on June 6, 2016.  (Doc. 60).  Having reviewed the Partial Report and Recommendation, the Objections, and the response, the Court overrules the Objections and adopts the Partial Report and Recommendation.

*A.  Background*

On April 20, 2015, the Clerk entered a default against Defendant.  (Doc. 8).  On January 7, 2016, the Court entered a Default Judgment on Liability and stated that a separate hearing on damages would be set.  (Doc. 18).  The Court then referred the matter of a jury trial on damages to the Magistrate Judge.  (Doc. 19).  Defendant, unrepresented by counsel due to alleged financial hardship, was aware of the damages jury trial but did not retain counsel, which

Defendant need to do in order to participate in the jury trial.[1]  *See* (Doc. 23); (Doc. 59-1).  Only after the Magistrate Judge held the jury trial on April 21, 2016, and the jury returned a verdict in favor of Plaintiff for $200,000.00 in actual damages, $1,000.00 in statutory damages, and $10 million in punitive damages, did Defendant obtain both local counsel and Chicago counsel.  (Docs. 38, 45, 46, and 47).

On April 29, 2016, the Magistrate Judge entered her Partial Report and Recommendation in which she recommends "that the Court adopt the jury's award for compensatory and statutory damages and enter judgment for plaintiff and against defendant in the total amount of $201,000: $200,000 for actual damages, and $1,000 for statutory damages under the Fair Debt Collection Practices Act."  (Doc. 42) at 2.  The Magistrate Judge further recommends that Plaintiff be allowed to seek attorney's fees and costs, and "that post-judgment interest accrue on all amounts awarded as provided under 28 U.S.C. § 1961."  *Id.* at 2-3.  The Magistrate Judge deferred making a recommendation with regard to the $10 million dollar punitive damages award pending briefing on whether that amount of punitive damages is unconstitutionally excessive.  *Id.* at 3.  Defendant now objects to the Magistrate Judge's Partial Report and Recommendation.

*B. Discussion*

Plaintiff appropriately raises the issue of whether Defendant waived its right to object by failing to bring its arguments in the Objections before the Magistrate Judge in the first instance.  In the Tenth Circuit, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1310 (10th Cir. 2010) (quoting *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996)).  This is so, because the "purpose of referring cases to a magistrate for recommended disposition would be contravened if

---

[1] "A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court."  D.N.M. LR-Cv 83.7.

parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Ridenour v. Boehringer Ingelheim Pharms., Inc.,* 679 F.3d 1062, 1067 (8th Cir. 2012) (citation omitted). *See also Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir. 1987) (Magistrate Act's intended purpose of "reliev[ing] courts of unnecessary work" would be defeated if district court "required to hear matters anew on issues never presented to the magistrate."); C. Wright & A. Miller, et al., 12 *Fed. Prac. & Proc. Civ.* § 3070.2 (2d ed.) ("The goal of referral to a magistrate judge is to expedite decision and remove burdens from the district judge. That goal could be subverted—and magistrate judges undermined—if parties could hold back arguments from the magistrate judge and present them later to the district judge.").

Here, Defendant knew that the Magistrate Judge set a damages jury trial, but purposefully chose to not retain counsel and, therefore, to not participate in the damages jury trial. Defendant complained earlier that it did not have the financial wherewithal to hire counsel, but after the jury determined substantial damages, Defendant now has the funds to hire both local counsel and Chicago counsel. This course of events raises concerns about whether Defendant is engaging in some kind of gamesmanship with both Plaintiff and the Court. Notwithstanding Defendant's conduct, Defendant had an opportunity to raise the issues in its Objections before the Magistrate Judge, but deliberately decided to not do so. Defendant, therefore, waived its right to object to the Partial Report and Recommendation.

Although Defendant waived its right to object, "[t]here are two exceptions to the waiver rule: (1) where a *pro se* litigant was not informed of the time period for objecting and the consequences of failing to do so, or (2) where the "interests of justice" require review." *United States v. Saavedra-Villasenor*, 316 F. App'x 718, 720 (10th Cir. 2008) (citing *Morales–*

*Fernandez v. INS,* 418 F.3d 1116, 1119 (10th Cir. 2005); *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991)).  The first exception does not apply because a corporation cannot appear *pro se*.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).  The "interests of justice" exception includes an examination of "the importance of the issues raised."  *Banks v. Hodak*, 2010 WL 2926545, at *3 (10th Cir) (quoting *Morales–Fernandez,* 418 F.3d at 1120).  To determine the "importance of issues raised," courts engage in a plain error review of "a litigant's unobjected-to substantive claims on the merits…."  *Id.* (quoting *Duffield v. Jackson,* 545 F.3d 1234, 1238 (10th Cir. 2008)).

A review of the Objections and the Magistrate Judge's Partial Report and Recommendation, in this case, do not reveal plain error by the Magistrate Judge which would require the Court to address an important issue.  Accordingly, the "interests of justice" do not compel the Court to set aside Defendant's waiver of its right to object.  The Objections are, thus, overruled and the Court will adopt the Partial Report and Recommendation.

IT IS ORDERED that

1. Defendant's Objections to Partial Report and Recommendation (Dkt. #42), (Doc. 56) are overruled as having been waived;

2. the recommendations in the Partial Report and Recommendation (Doc. 42) are adopted;

3. the Court adopts the jury's award of $200,000 for actual damages, and $1,000 for statutory damages under the FDCPA;

4. the Court will enter judgment against Defendant for $201,000, including post-judgment interest as provided under 28 U.S.C. § 1961; and

4

5. Plaintiff will be allowed to recover reasonable attorney's fees and costs.

_____
UNITED STATES DISTRICT JUDGE